(February 24, 1921.)

STATE, Respondent, v. T. C. CATLIN, Appellant.

[195 Pac. 628.]

HERD DISTRICT—COMPLIANCE WITH STATUTE.

A herd district cannot be legally created in this state without substantial compliance with all the statutory requirements governing such creation, and the fact of such compliance should affirmatively appear in the record of the proceedings of the board of commissioners.

APPEAL from the District Court of the Third Judicial District of the State of Idaho, for Ada County. Hon. Carl A. Davis, Judge.

Appellant was convicted on charge of unlawfully allowing cattle owned by him to run at large in a certain lawfully created herd district. Judgment *reversed* and cause *remanded,* with instructions to district court to dismiss action.

Chas. M. Kahn, for Appellant.

Boards of county commissioners are only *quasi*-judicial tribunals with limited jurisdiction and can only act in strict compliance with statutes. (*Gorman v. Board of Commrs.,* 1 Ida. 553; *Prothero v. Board of County Commrs.,* 22 Ida. 602, 127 Pac. 175; *Gooding Highway Dist. v. Idaho Irr. Dist.,* 30 Ida. 236, 164 Pac. 99.)

Petitions for road district, highways, etc., orders thereunder, and all proceedings must contain, substantially, statement of all facts required by statute, and if they do not, the board acquires no jurisdiction to act. (*Canyon County v. Toole,* 9 Ida. 561, 75 Pac. 609; *In re Grove Street,* 61 Cal. 438.) This also applies to proceedings in connection with the creation of herd districts. (3 C. J. 177, 178; *Flowers v. Grant,* 129 Ala. 275, 30 So. 94; *Mayfield v. Court County Commrs.,* 148 Ala. 548, 41 So. 932; *Commissioners' Court v. Holland,* 177 Ala. 60, 58 So. 270; *McKinney v. Commissioners' Court,* 168 Ala. 191, 52 So. 756; *Williams v. State,*

7 Ala. App. 104, 61 So. 465; *State ex rel. Sieler v. Virnig,* 77 Wash. 502, 137 Pac. 1039.)

The jurisdiction of courts of limited jurisdiction must show affirmatively on the record. (Wharton, Criminal Ev., secs. 594, 830; Wharton, Evidence, sec. 1308; *Gustavus v. Dahlmer,* 163 N. Y. Supp. 132; *Roth v. Union Nat. Bank,* 58 Okl. 604, 160 Pac. 505; *Lee v. Tonsor,* 62 Okl. 14, 161 Pac. 804.)

T. A. Walters, Former Attorney General, M. H. Eustace, Assistant, R. L. Black, Attorney General, and J. L. Boone, Assistant, for Respondent.

Absence of things from the record not required by statute to appear thereon do not vitiate the proceedings. (*Ex parte Allen,* 31 Ida. 295, 170 Pac. 921; *State v. Lottridge,* 29 Ida. 53, 155 Pac. 487; *Hack v. State,* 141 Wis. 346, 124 N. W. 492, 45 L. R. A., N. S., 664, and note, p. 665; *State v. Foster,* 40 Iowa, 303; *Sims v. Milwaukee Land Co.,* 20 Ida. 513, 119 Pac. 37.)

DUNN, J.—The defendant was tried in the district court of Ada county on the charge of unlawfully allowing cattle owned by him to run at large within a lawfully created herd district in said county. He was convicted and judgment entered requiring him to pay a fine of $100, with costs of prosecution. From this judgment the defendant has appealed.

Appellant has specified numerous errors, but the examination of one will be sufficient to dispose of this case.

Under the complaint on which appellant was tried it was necessary for the state to prove that the herd district in which the offense was alleged to have been committed was lawfully created. This the state failed to do. The law required that there should be posted within the proposed district three notices of the hearing, which must be held before said district could be created. The testimony offered by the state shows conclusively that no such notices were posted. Without these the board of commissioners had no

authority to act on the petition for the creation of a herd district, and no lawful district was created. Consequently the offense charged against appellant could not have been committed by him.

Judgment reversed and the cause remanded to the district court with instructions to dismiss the action.

Rice, C. J., and McCarthy and Lee, JJ., concur.

Budge, J., did not hear the argument nor take part in the decision of this case.